**Mario SANTOS–LOPEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73258.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 23, 2004.

Suzanne B. Friedman, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Genevieve Holm, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: LEAVY, MCKEOWN and BERZON, Circuit Judges.

### MEMORANDUM **

Mario Santos–Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003). We review for substantial evidence. *See Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that any mistreatment Santos–Lopez suffered at the hands of guerillas was due to his refusal to join the guerillas and not due to his political opinion, real or imputed. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). For example, Santos–Lopez testified that the guerillas did not search for him by name, that they had no reason to know his late father was once a member of the civil defense patrol, and that Santos–Lopez himself never belonged to a political party or served in either the police, the military or the civil defense patrol. Accordingly, Santos–Lopez failed to demonstrate that he was eligible for asylum or withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

